UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAMION GALLOWAY, | Case No. 0:19-cv-00810-PAM-LIB |
| Plaintiff, | |
| vs. | **DEFENDANT CAPITAL ONE BANK (USA), N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |
| CAPITAL ONE BANK (USA), N.A. | |
| Defendant. | |

Defendant Capital One Bank (USA), N.A. ("Capital One") answers the Complaint filed by plaintiff Damion Galloway ("Plaintiff") as follows. Except as expressly admitted or qualified below, Capital One denies each and every allegation in the Complaint.

1. Capital One admits that Plaintiff alleges claims based on the Telephone Consumer Protection Act ("TCPA"). Capital One denies that it violated the TCPA as alleged and denies any remaining allegations set forth in paragraph 1.

## VENUE, PARTIES, AND JURY TRIAL

2. Capital One admits only that Plaintiff requests a jury trial.

3. Capital One does not dispute that venue in this Court is proper for this case; however, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations that the claim at issue in this case occurred in and harmed a person living in the District and therefore denies these allegations.

4. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5.  Capital One admits that it is a national banking association that does business in the Minnesota, including Wright County.  Capital One denies any remaining allegations in paragraph 5.

## THE TELEPHONE CONSUMER PROTECTION ACT

6.  Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7.  Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them.

8.  Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them.

## FACTS

9.  Capital One admits that Plaintiff has a past-due credit card account.

10. Capital One continues to research the truth of the allegations set forth in paragraph 10 and therefore denies them and demands proof thereof.

11. Capital One denies the allegations in paragraph 11.

12. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.  Capital One specifically denies that it "robodialed" or used a "robodialer" to contact Plaintiff.

13. Capital One denies the allegations in paragraph 13.

14. Capital One denies the allegations in paragraph 14.

15. Capital One denies the allegations in paragraph 15.

16. Capital One denies the allegations in paragraph 16.

17. Capital One denies the allegations in paragraph 17.

18. Capital One denies the allegations in paragraph 18.

## COUNT I: TELEPHONE CONSUMER PROTECTION ACT

19. Capital One repeats and incorporates by reference its responses to the preceding paragraphs of the complaint.

20. Paragraph 20 constitutes a legal conclusion to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 20.

21. Capital One denies the allegations in paragraph 21.

22. Capital One denies the allegations in paragraph 22.

23. Capital One denies the allegations in paragraph 23.

24. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them. Capital One further denies that it caused or is otherwise liable for any harm that Plaintiff allegedly suffered.

25. Paragraph 25 constitutes a legal conclusion to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 25.

26. Capital One denies the allegations in paragraph 26.

## RELIEF REQUESTED

Capital One denies that Plaintiff is entitled to any relief whatsoever from Capital One for any claim or issue raised in the Complaint, including, without limitation, the relief requested in subparagraphs 1 through 3 of the "Relief Requested" section.

## AFFIRMATIVE DEFENSES

Having answered the Complaint, Capital One asserts the following affirmative defenses. By asserting these defenses, Capital One does not assume the burden of proof where it otherwise rests with Plaintiff.

### First Affirmative Defense: Consent

1. The TCPA does not prohibit calls made using an automatic telephone dialing system or using an artificial or pre-recorded voice where the called party has given consent.

2. A creditor can establish consent by demonstrating that the called party provided the cellular telephone number directly to the creditor in connection with the particular debt.

3. To the extent Capital One received consent to place collection calls to Plaintiff's cellular telephone through customer agreements, written or verbal statements, or otherwise, Plaintiff's claims are barred.

### Second Affirmative Defense: Constitutionality of Statutory Damages

4. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

5. The TCPA provides for statutory damages of $500 to $1,500 for each violation of the law.

6. When directed at telephone calls, statutory damages under the TCPA could quickly rise to thousands of dollars of damages for alleged actions that caused little or no actual damage to Plaintiff.

7. Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

### Third Affirmative Defense: Offset

8. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

9. Plaintiff may have accounts with Capital One for which he owes money.

10. Any amount sought to be recovered in this action is barred in whole or in part by any amounts that Plaintiff owes to Capital One.

### Fourth Affirmative Defense: Lack of Standing

11. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

12. To establish standing, Plaintiff must show a concrete and particularized invasion of a legally protected interest and that Plaintiff is in the zone of interests the TCPA is intended to protect.

13. To the extent Plaintiff has not paid money, lost title to goods or value, or suffered any other concrete or particularized harm, and is not in the zone of interests protected by the TCPA as the result of the conduct alleged, Plaintiff lacks standing.

### Fifth Affirmative Defense: Unintentional Violation

14. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

15. Capital One has implemented procedures to prevent violations of law.

16. If any violation of law occurred, which Capital One expressly denies, the violation was not intentional, reckless, or willful.

17. If any violation of law occurred, which Capital One expressly denies, such violation resulted from a *bona fide* error for which there can be no civil liability.

### Sixth Affirmative Defense: Failure to Mitigate

18. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

19. Plaintiff failed to mitigate damages, if any.

### Seventh Affirmative Defense: Plaintiff's Own Conduct

20. Capital One incorporates by reference the foregoing allegations of its Affirmative defenses.

21. Plaintiff's own conduct, deeds, acts, words and omissions – not any conduct, deeds, acts, words or omissions of Capital One – caused Plaintiff's purported damages, if any.

### Eighth Affirmative Defense: No Proximate Cause

22. Capital One incorporates by reference the foregoing allegations of its Affirmative defenses.

23. If Plaintiff sustained damages, which Capital One expressly denies, such damages were proximately caused by the acts or omissions of other persons, firms, or corporations.

### Ninth Affirmative Defense: Unclean Hands

24. Capital One incorporates by reference the foregoing allegations of its Affirmative defenses.

25. To the extent Plaintiff communicated with Capital One unlawfully, deceptively, or in bad faith, such conduct bars Plaintiff's recovery in this case.

### Tenth Affirmative Defense: General Equities

26. Capital One incorporates by reference the foregoing allegations of its Affirmative defenses.

27. Allowing Plaintiff to recover damages against Capital One would be inequitable because of Plaintiff's own misconduct.

### Eleventh Affirmative Defense: Violation of First Amendment

28. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

29. Plaintiff's TCPA claims fail because the statutory section on which they are based, 47 U.S.C. sec. 227(b)(1)(A)(iii), imposes content-based restrictions on freedom of speech that are unconstitutional under the First Amendment.

### Reservation of Rights

30. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

31. Capital One presently has insufficient knowledge or information on which to form a belief as to whether it may have additional affirmative defenses available. Capital One expressly reserves the right to allege and assert any additional and/or further defenses as may be appropriate as this action proceeds.

**Wherefore**, Capital One respectfully requests that the Court:

a. Dismiss all of Plaintiff's claims against Capital One with prejudice and on the merits;

b.  Award Capital One all costs, disbursements, and reasonable attorneys' fees allowed by law; and

c.  Grant Capital One any such further relief to which it may be entitled.

Respectfully Submitted,

**BALLARD SPAHR LLP**

Dated: April 5, 2019

By: *s/ Karla M. Vehrs*
Karla M. Vehrs, Esq.
Bar No. 0387086
80 South 8th Street
2000 IDS Center
Minneapolis, MN 55402-2119
vehrsk@ballardspahr.com
Telephone: (612) 371-2449
Facsimile: (612) 371-3207

*Attorneys for Capital One Bank (USA), N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2019, a true and correct copy of the foregoing **DEFENDANT CAPITAL ONE BANK (USA), N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** was filed via the Court's CM/ECF filing system and delivered via first-class mail, postage prepaid, upon the following:

Andrew C. Walker, Esq.
Bennett Hartz, Esq.
Walker & Walker Law Offices, PLLC
4356 Nicollet Avenue South
Minneapolis, MN 55409

*Attorneys for Plaintiff*

*s/ Karla M. Vehrs*
Karla M. Vehrs, Esq.