SOUNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Damion Galloway,                                  Case No.:  0:19-cv-910-PAM-LIB

    Plaintiff,                                **RULE 26(f) REPORT**

v.

Capital One Bank (USA), N.A.

    Defendant.

---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on **April 25, 2019**, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for **April 30, 2019**, before the United States Magistrate Judge Leo I. Brisbois, in Courtroom 3, Gerald W. Heaney Federal Building and U.S. Courthouse.

(a)    **DESCRIPTION OF THE CASE**

(b)    Concise factual summary of plaintiff's claims:

> **Defendant called Plaintiff's cell phone seven times using an automatic telephone dialing system ("ATDS"), an act which is specifically prohibited by the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA").**

(c)    Concise factual summary of defendant's claims/defenses:

> **Plaintiff provided the phone number at issue to Defendant and, per the terms of his account agreement, consented to receive calls from Defendant on the subject number. Moreover, although Defendant had Plaintiff's bargained-for consent to call the subject number using an ATDS, Defendant did not contact Plaintiff using an ATDS, as that term is defined by the TCPA. Finally, there is no evidence whatsoever to suggest that Defendant could be liable for a willful TCPA violation.**

(d)    Statement of jurisdiction (including statutory citations):

1

**Jurisdiction of this Court arises under 28 U.S.C § 1331.**

(e)     Summary of factual stipulations or agreements:

   **None.**

(f)     Statement of whether a jury trial has been timely demanded by any party:

   **Plaintiff has demanded a jury trial.**

(g)     Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

   **The parties do not agree to resolve this matter under the Rule of Procedure for Expedited Trials of the United States District Court, District of Minnesota.**

(h)     **PLEADINGS**

**All process has been served and all pleadings filed.  The parties do not plan to amend or add additional parties at this time.**

(i)     **FACT DISCOVERY**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(j)     The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **May 8, 2019**.

(k)     Fact discovery procedures must be commenced in time to be completed on or before **November 1, 2019.**

(l)     The parties **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others. (If so, describe.)

(m)     The parties propose that the Court limit the use and number of discovery procedures as follows:

4670987v1

 (1) No more than a total of **25 interrogatorie**s, counted in accordance with Rule 33(a), shall be served by each party/side.

 (2) No more than **25 document requests** shall be served by each party/side.

 (3) No more than **25 requests for admissions** shall be served by each party/side.

 (4) No more than **1 Rule 35 Medical Examinations** shall be taken by Defendant(s) and completed by November 1, 2019.

 (5) No more than **3 fact depositions**, including Rule 30(b)(6) depositions, shall be taken by each party/side.

(n) **EXPERT DISCOVERY**

 (o) Plaintiff anticipates that he **will not** require expert witnesses at the time of trial. Defendant anticipates that it **will** require an expert witness at the time of trial in the event Plaintiff intends to argue Defendant used an ATDS to place calls.

(p) The plaintiff anticipates calling <u>0</u> (number) experts. Plaintiff will only call a rebuttal expert if Defendant calls an expert.

(q) The defendant anticipates **calling 1 expert** in the field of **telecommunications technology.**

 (r) Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

(s) Identities by Plaintiff on or before **August 1, 2019**. Disclosures by Plaintiff on or before **August 15, 2019**.

(t) Identities by Defendant on or before **September 1, 2019**. Disclosures by Defendant on or before **September 15, 2019**

(u) Rebuttal identities and disclosures on or before **October 15, 2019**.

 (v) Expert discovery, including depositions, shall be completed by **December 1, 2019**.

(w)   **OTHER DISCOVERY ISSUES**

    (x)   Protective Order.  The parties have discussed whether they believe that a protective order is necessary to govern discovery and will jointly submit a standard protective order should they deem one necessary.

    (y)   Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, and discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order: **ESI will be limited in nature and will be produced in PDF or MP3 format or any other format agreed to by counsel.**

    (z)   Claims of Privilege or Work Product Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502. The parties do not request that the Court include any agreement in the scheduling order.

    (aa)   The parties **do not** propose that a party be required to request an informal telephone conference with the Court before filing any formal discovery motion.

(bb)   **PROPOSED MOTION SCHEDULE**

The parties propose the following deadlines for filing non-dispositive motions:

    (cc)   Any motion that seeks to amend the pleadings or to add parties must be filed and served on or before **June 1, 2019**

    (dd)   All other non-dispositive motions, including those that relate to fact discovery, must be filed and served on or before **December 1, 2019**.

    (ee)   All non-dispositive motions that relate to expert discovery must be filed and served on or before **January 1, 2020.**

    (ff)   All dispositive motions must be filed and served by **February 1, 2020.**

(gg)   **TRIAL-READY DATE**

(hh) The parties agree that this case will be ready for trial on or after **April 1, 2020**.

(ii) The parties propose that the final pretrial conference will be held on or before **March 15, 2020**.

(jj) **INSURANCE CARRIERS/INDEMNITORS**

**Capital One has no insurance coverage or indemnitors that would apply to this case.**

(kk) **SETTLEMENT**

(ll) The parties will discuss settlement before the initial pretrial conference, by the plaintiff making a written demand for settlement and each defendant making a written response/offer to the plaintiff's demand.

(mm) The parties propose that a settlement conference be scheduled to take place before **December 1, 2019.**

(nn) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following: **nothing at this time**.

(oo) **TRIAL BY MAGISTRATE JUDGE**

The parties have not agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code § 636(c).

Dated:  April 24, 2019                              Dated:  April 24, 2019

ATTORNEYS FOR PLAINTIFF                      ATTORNEY FOR DEFENDANT

By: s/ Bennett Hartz                                      By: s/ Sarah E. Pruett
Bennett Hartz #393136                                 Sarah Pruett #397269
WALKER & WALKER LAW OFFICES            Karla M. Vehrs #387086
4356 Nicollet Avenue                                    BALLARD SPAHR LLP
Minneapolis, MN 55409                                80 8th St. S., Ste 2000
(612) 824-4357                                             Minneapolis, MN 55402
bennett@bankruptcytruth.com                     (612) 371-3211
                                                                    vehrsk@ballardspahr.com
                                                                    pruetts@ballardspahr.com

4670987v1